**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4045-19

CHRISTOPHER RICCIARDI,

    Plaintiff-Appellant,

v.

ALLSTATE INSURANCE CO.,

    Defendant-Respondent.

_____

Argued September 15, 2021 – Decided October 27, 2021

Before Judges Messano, Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1779-18.

Michael A. Rabasca argued the cause for appellant (The Epstein Law Firm, PA, attorneys; Michael J. Epstein, of counsel and on the briefs; Michael A. Rabasca, on the briefs).

Joseph B. O'Toole, Jr. argued the cause for respondent (O'Toole, Couch & Della Rovere, LLC, attorneys; Joseph B. O'Toole, Jr., on the brief).

PER CURIAM

In this automobile insurance coverage dispute, plaintiff Christopher Ricciardi appeals from June 30, 2020 Law Division orders, dismissing his complaint against defendant Allstate Insurance Company on the parties' cross-motions for summary judgment. On appeal, plaintiff reprises his argument that he was a "resident relative" as defined in his brother's Allstate policy, entitling plaintiff to underinsured motorist (UIM) coverage. He further maintains Allstate should be precluded, under equitable principles, from belatedly denying coverage on the ground that plaintiff's personal vehicle was insured under another automobile policy. We reject these contentions and affirm.

We summarize the relevant facts from the record before the motion judge in a light most favorable to the non-moving party. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 135 (2017).

Plaintiff was injured in a January 15, 2017 collision with an underinsured motorist while driving his brother's pickup truck during their move to Florida. Allstate insured the pickup truck; the policy listed plaintiff's brother as the only named insured. Claiming his injuries exceeded the $50,000 bodily injury policy limit tendered by the tortfeasor's insurance carrier, plaintiff sought coverage as a "resident relative" under his brother's Allstate policy, which provided up to $250,000 UIM coverage. Plaintiff's personal vehicle was insured by

Government Employees Insurance Company (GEICO), which limited UIM coverage for bodily injury claims to $25,000.

In response to plaintiff's claim for UIM coverage and Longworth[1] approval to resolve his claims against the tortfeasor, Allstate denied coverage in its May 26, 2017 correspondence to plaintiff's Florida attorney. Allstate asserted plaintiff "was a non-resident operator of [its] insured's vehicle" and, as such, the policy's "UIM limits would 'step down' to the mandatory minimum specified by the laws of New Jersey." See N.J.S.A. 17:28-1.1(a)(1) (setting the mandatory minimum amount of bodily injury coverage at $15,000). Notably, three months earlier on January 16, 2017, Allstate had denied plaintiff's claim for personal injury protection (PIP) benefits, asserting plaintiff's GEICO policy was "PRIMARY." See N.J.S.A. 39:6A-4.2 (authorizing PIP benefits "for the named insured and any resident relative in the named insured's household who is not a named insured under an automobile insurance policy of his own").

At the time of the accident, the brothers were en route to Delray Beach, Florida, to move into a new apartment. Their lease term commenced that same day. For three months prior to the move, the brothers had lived together in their

---

[1] Longworth v. Van Houten, 223 N.J. Super. 174 (App. Div. 1988) (defining the obligations of insureds and insurers in the UIM context).

A-4045-19

parents' Scotch Plains, New Jersey home. Before moving into his parents' home, plaintiff had resided for several years in Brooklyn, New York, with his girlfriend. Plaintiff's driver's license and GEICO policy were issued in New York State.

Plaintiff filed his complaint against Allstate in May 2018, seeking a declaration that he qualified as a "resident relative" of his brother's household and was entitled to UIM benefits under the Allstate policy. Although Allstate's ensuing answer did not expressly deny coverage on the ground that plaintiff was the named insured on his GEICO policy, Allstate generally asserted separate defenses under the "no-fault" statute, N.J.S.A. 39:6A-1 to -35, and the UIM statute, N.J.S.A. 17:28-1.1 to -1.9.

The discovery period was protracted by motion practice, initially stemming from Allstate's failure to answer plaintiff's interrogatories and request for documents. Ultimately, the judge granted plaintiff's unopposed motion to strike Allstate's answer and defenses based on the carrier's failure to respond to plaintiff's request for a single admission. The August 5, 2019 memorializing order provided that Allstate "conclusively . . . admitted . . . its sole stated reason for denying UIM benefits to plaintiff is that plaintiff was not a resident relative of [his brother] on the date and at the time of the subject accident."

4

At the close of discovery, plaintiff moved for partial summary judgment on the coverage issue. Allstate opposed plaintiff's motion and cross-moved to vacate the August 5, 2019 order and reinstate its answer and defenses. Allstate contended plaintiff lacked any intention to continue his residence at the Scotch Plains home, which was the address associated with the policy, and there was no evidence in the record demonstrating the policy was amended to include plaintiff as a new driver in the household.

Following argument, the judge issued an oral decision, denying plaintiff's motion without prejudice and extending the discovery end date. The judge permitted additional discovery, which was limited to whether plaintiff qualified as a member of his brother's household. Accordingly, the judge vacated the August 5, 2019 order, and reinstated Allstate's answer and defenses.

Thereafter, plaintiff renewed his motion for partial summary judgment on the same grounds. Allstate opposed plaintiff's motion and cross-moved for summary judgment, arguing that even if plaintiff were deemed a resident relative under Allstate's UIM provision, because plaintiff was the named insured on his own automobile insurance policy, he was consequently not entitled to Allstate's full UIM coverage.

A-4045-19

Allstate summarized its limits of liability provision of UIM coverage as follows[2]:

> (1) $250,000 is available to the named insured, resident spouse or civil partner of named insured and resident relatives[,] who [is] in an insured auto or non-owned vehicle that [is] <u>not the named insured</u>, spouse, or civil union partner of a named insured <u>on another policy</u>.
>
> (2) $15,000 is available to named insured, civil union partner or resident spouse of the named insured or resident relative[,] who [is] in a motor vehicle owned by that person or a resident relative or is available for regular use by that person or resident relative which is not an insured vehicle on the policy and is insured for similar coverage under another policy.
>
> (3) <u>$15,000 for all other insured persons</u>.
>
> [(Emphasis added).]

Because plaintiff was the named insured on his own GEICO policy, Allstate primarily contended his claim fell within category three.

Acknowledging it did not assert this coverage defense in its May 26, 2017 denial letter – and that its motion "could . . . have been filed sooner" – Allstate nonetheless argued the issue was raised during litigation. As one notable example, Allstate referenced its interrogatory answer to plaintiff's request for facts supporting its affirmative defenses. That answer specifically cited the UIM

---

[2] Plaintiff does not dispute Allstate's summary of the provision.

A-4045-19

statute and asserted plaintiff had his own automobile insurance policy issued by GEICO. And when deposed, plaintiff acknowledged he was insured under the GEICO policy. Because it was definitive in its denial of plaintiff's UIM claim from "the very beginning," Allstate argued plaintiff did not establish detrimental reliance that would otherwise entitle him to equitable relief from "a valid limitation within the insurance contract."

Following oral argument, the motion judge reserved decision and thereafter issued a cogent written statement of reasons that accompanied the June 9, 2020 orders. The judge squarely addressed the issues raised in view of the governing law.

Initially, the motion judge determined issues of fact precluded judgment as a matter of law as to whether plaintiff intended to establish residency while residing with his brother at the Scotch Plains home. The judge elaborated:

> Plaintiff testified at his deposition that his residence in New Jersey was temporary. Furthermore, he has a New York license and uses a Staten Island address for vital documents such as his insurance and driver's license information even though he has been living in Florida for more than three years. Also, [p]laintiff worked at the Country Club Services in Millburn, New Jersey part-time for six weeks. Working in New Jersey for such a short time, along with having a New York license, a New York address listed on his insurance policy and testifying that living in New Jersey was temporary could lead a reasonable juror to find that

7

> [plaintiff] did not intend to establish residency in New Jersey at the time before the accident.

The motion judge also found "at issue . . . whether [plaintiff's] brother gave proper notice to Allstate about the fact that [p]laintiff was now living with him and was properly defined as a resident insured."

Turning to Allstate's motion, the judge focused on the "clear and unambiguous" terms of the policy's UIM step-down provision, which resulted in the mandatory minimum limit applying here. Because that limit did not exceed the tortfeasor's $50,000 bodily injury policy limit, the judge concluded Allstate's UIM provision was not triggered, thereby dismissing plaintiff's UIM claim.

In reaching his decision, the motion judge rejected plaintiff's argument that the equitable remedies of laches, estoppel, or waiver applied here where Allstate's delayed defense "ambush[ed]" plaintiff. Citing the record evidence to the contrary, the judge found no "suggesti[on] that [p]laintiff changed his position in any manner in reaction to Allstate's purported failure to properly rely upon the step-down provision."

We review the trial court's decision on summary judgment de novo, applying the same legal standard as the trial court. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018). We must therefore determine "whether the evidence presents a sufficient disagreement to require submission to a jury

or whether it is so one-sided that one party must prevail as a matter of law." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995) (citation omitted).

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)). If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citation omitted).

Because the interpretation of an insurance contract is a question of law, our review is de novo. Polarome Int'l, Inc. v. Greenwich Ins. Co., 404 N.J. Super. 241, 260 (App. Div. 2008); see also Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (recognizing appellate courts review summary judgment motions de novo and accord no deference to the judge's conclusions on issues of law). "[F]or mixed questions of law and fact, [an appellate court] give[s] deference . . . to the supported factual findings of the trial court, but review[s] de novo the

A-4045-19

lower court's application of any legal rules to such factual findings." State v. Pierre, 223 N.J. 560, 577 (2015) (citations omitted).

Courts "give special scrutiny to insurance contracts because of the stark imbalance between insurance companies and insureds." Zacarias v. Allstate Ins. Co., 168 N.J. 590, 594 (2001). Courts should interpret insurance policies according to "their plain, ordinary meaning." Id. at 595. Insurance policies are "contracts of adhesion" and should be interpreted as such. Ibid. Accordingly, exclusionary provisions "must be construed narrowly; the burden is on the insurer to bring the case within the exclusion." Homesite Ins. Co. v. Hindman, 413 N.J. Super. 41, 46 (App. Div. 2010). Exclusionary provisions are nonetheless "presumptively valid and will be given effect if specific, plain, clear, prominent, and not contrary to public policy." Ibid. Accordingly, if there is no ambiguity in the language, courts should not write a better policy than the one purchased. Ibid.

On appeal, plaintiff argues the motion judge's decision granting Allstate's motion "ignored" Allstate's admission under Rule 4:22-1; failed to apply the equitable principles to Allstate's untimely defense; and based its decision on "incorrect facts and assumptions." Plaintiff further asserts the judge erroneously denied his motion by failing to apply basic contract principles, and too narrowly

defining "household," "resident," and "residence," in a manner not supported by the policy language. Plaintiff also argues there were no issues of material fact that precluded judgment as a matter of law on the coverage issue.

We have considered de novo plaintiff's contentions in view of the applicable law, and conclude they lack sufficient merit to warrant extended discussion in our written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the motion judge in his well-reasoned decision, adding the following remarks.

As a preliminary matter, even assuming plaintiff qualified as a resident relative under the Allstate policy, he was not entitled to UIM coverage because he was insured under his own automobile policy. Nor are we convinced Allstate was foreclosed from raising in its cross-motion for summary judgment that the policy's UIM step-down provision precluded coverage. Notably, plaintiff does not challenge the judge's finding that the terms of the UIM step-down provision were "clear and unambiguous." Nor does he assert his GEICO policy was not in effect at the time of the accident.

Rather, plaintiff's contentions focus on the inequities of Allstate's trial position, i.e., litigating the residency defense for two years, then raising – at the close of discovery – the uncontroverted defense that plaintiff's GEICO coverage

11

precluded full UIM recovery under the step-down provision of Allstate's policy. While we agree with Allstate that its motion "could . . . have been filed sooner," we likewise concur with the motion judge's observation that the "G[EICO] policy was always in the mix."

Indeed, as early as the day after the accident, Allstate notified plaintiff it denied his PIP claim because plaintiff was covered by his GEICO policy. We acknowledge plaintiff's argument that the judge erroneously found Allstate disclaimed "UIM" coverage in its January 16, 2017 letter. But that error does not affect the outcome here, where the judge correctly determined Allstate's May 26, 2017 correspondence "specifically disclaimed coverage [under] the step-down provision[.]" Moreover, Allstate generally pled an affirmative defense under the UIM statute and specifically asserted plaintiff was insured by GEICO in its answer to plaintiff's interrogatory regarding the factual basis for its affirmative defenses.

Little need be said regarding plaintiff's contention that Allstate's "conclusive admission" precluded it from asserting plaintiff's UIM claims were barred under the policy's step-down provision. Rule 4:22-1, governing requests for admissions, allows a party to seek "the truth of any matters of fact within the

A-4045-19

scope of [the discovery rule]." Failure to answer the request within thirty days of service, results in an admission of the matter. Ibid.

"The purpose of a request for admissions is to establish matters to be true for purposes of trial when there is not a real controversy concerning them[,] yet their proof may be difficult or expensive." Essex Bank v. Capital Res. Corp., 179 N.J. Super. 523, 532 (App. Div. 1981). "A request for admissions . . . thus serve[s] the relatively limited purpose of eliminating the necessity of proving facts which are or should be uncontroverted." Ibid.; see also Torres v. Pabon, 225 N.J. 167, 185 (2016). "[A] request for admissions should not be used in an attempt to establish the ultimate fact in issue." Essex Bank, 179 N.J. Super. at 533.

In the present matter, the August 5, 2019 order, which deemed the plaintiff's request admitted, was later vacated in the same December 23, 2019 order that restored Allstate's answer and defenses. Moreover, the request for admission did not seek to establish uncontroverted facts, but rather went to the very core of Allstate's defense under the UIM provision of the policy.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13